288 N.E.2d 136 (1972)
EVANSVILLE-VANDERBURGH AIRPORT AUTHORITY DISTRICT ET AL., Appellants,
v.
DELTA AIR LINES, Inc., et al., Appellees.
No. 869S179.
Supreme Court of Indiana.
October 25, 1972.
Howard P. Trockman, James F. Flynn, Evansville (Trockman, Flynn & Swain, Evansville, of counsel), for appellants.
Fred P. Bamberger, Jeffrey R. Kinney, Evansville (Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel), John K. Mallory, Jr., J. Eugene Marans, Washington, D.C., (Cleary, Gottlieb, Steen & Hamilton, Washington, D.C., of counsel), for appellees.
DeBRULER, Justice.
This opinion is supplemental to the original opinion handed down by this Court in Evansville-Vanderburgh Airport Authority District, et al. v. Delta Airlines, et al. (1970), Ind., 265 N.E.2d 27. In that opinion this Court affirmed a trial court judgment enjoining the appellant-Authority from enforcing an Ordinance imposing a $1.00 tax on each enplaning commercial airline passenger. The trial court decision rested on several constitutional grounds and one non-constitutional State ground. This Court affirmed the trial court by holding that the tax was invalid under the Art. 1, § 8, cl. 3 of the United States Constitution, "The Commerce Clause". On April 19, 1972, the United States Supreme Court reversed this Court's decision and held that the tax was not invalid under the Federal Constitution. Evansville-Vanderburgh Airport Authority District v. Delta Airlines, Inc. (1972), 405 U.S. 707, 92 S.Ct. 1349, 31 L.Ed.2d 620. The Supreme Court remanded the cause to this Court for further proceedings "not inconsistent with this opinion". Although the United States Supreme Court decision disposed of all the constitutional issues raised, the trial court judgment is still supported by the lone non-constitutional, purely state ground, the validity of which this Court has never determined. We now proceed to resolve that issue and finally dispose of this case.
The trial court conclusion of law which is at issue here reads:
"To the extent that the aforesaid $1.00 charge imposed by Ordinance No. 33 is *137 asserted to be a service charge, the discriminatory application thereof, as established by the evidence in this cause, is without statutory legal authorization and is therefore an invalid and ultra vires act of the defendant Evansville-Vanderburgh Airport Authority District."
The pertinent part of the legislative grant of authority to the Board reads as follows:
"In addition to the powers and duties conferred upon it elsewhere in this chapter, such board shall have full power and authority to do all acts necessary or reasonably incident to carrying out the purposes of this chapter including, but not in limitation thereof, the following:
* * * * * *
"(9) To adopt a schedule of reasonable charges and to collect the same from all users of facilities and services within the jurisdiction of the district."
In support of the trial court conclusion the appellees argue that that section of the statute renders the appellant powerless to impose the $1.00 tax only on enplaning commercial airline passengers and not on "all users" of the facilities.
We do not agree. The statute clearly grants the appellant power to make the amount of a service charge or user fee depend on the extent of the use made of the facilities. There are many different facilities and services located at the airport, e.g. air passenger service counters, air freight service counters and facilities, waiting room, rest rooms, dining room, bar, lunch counter, newsstand, barber shop, display areas, taxi stands, car rental counters, baggage facilities, telephone booths, private hangar facilities, nonscheduled airline hangar facilities, office space, waiting areas, entrance and exit facilities and sidewalks, parking lots, fuel storage areas, run-ways and taxi-ways, approach lighting system, instrument lighting system. There are also different kinds of use, e.g.:
Enplaning commercial passengers who are active members of the armed forces; Enplaning commercial passengers stopping over or changing planes at Dress Memorial Airport after arrival by commercial aircraft;
Deplaning commercial passengers;
Persons arriving or departing on non-commercial or non-scheduled aircraft;
Persons sending or receiving air freight shipments;
Persons meeting or seeing off commercial and non-commercial passengers;
Persons visiting the airport for the purpose of observing flight operations or for the purpose of using dining, bar, car rental, or other facilities.
Users of the airport facilities differ widely in the extent of their use and "reasonable" charges for use, as required by the statute, would of necessity reflect those differences. It is meaningless to say that "all users" must pay the same amount of user fees, e.g., would the lessor of space for a barber shop pay the same fee as the lessor of space for an airplane? Would the lessor of space for a restaurant pay the same user fee as a visitor to the airport? The very concept of a "user" fee implies that there are different uses that can be identified and the amount of the fee relates to that use. There is clearly nothing in the statute above quoted which would indicate any legislative intent to depart from that common sense view. The wisdom of the appellants' tax is not in issue here, only the appellants' power to impose it.
We hold that the trial court erred in conclusion of law "K" and this tax Ordinance of appellants is well within its legislative grant of power found in I.C. 1971, XX-X-X-XX, being Burns § 14-1215.
*138 The judgment of the trial court is now therefore reversed and the trial court is ordered to enter final judgment for the defendants.
ARTERBURN, C.J., and GIVAN and HUNTER, JJ., concur.
PRENTICE, J., not participating.