**Dorothy M. WATTS and Eldon Watts, Appellants–Plaintiffs,**

v.

**Ernest B. JANKOWSKI, Appellee–Defendant.**

**No. 3–180 A 19.**

Court of Appeals of Indiana, Third District.

Oct. 28, 1980.

Patrick Brennan, Patrick Brennan and Associates, South Bend, Douglas D. Seely, Jr., Mishawaka, for appellants–plaintiffs.

Edward A. Chapleau, Chapleau, McInerny, Minczeski & Farabaugh, South Bend, for appellee–defendant.

STATON, Judge.

Dorothy M. Watts and her husband, Eldon Watts, filed a medical malpractice action against Dr. Ernest B. Jankowski. A jury found for Dr. Jankowski and against the Watts.

On appeal, the Watts raise one issue for our consideration. Did the trial court err in giving and refusing to give certain instructions.

We affirm.

The Watts contend that the court erred when it refused to give their tendered Instruction # 3:

> "Where two or more individuals join in a common enterprise for their mutual benefit or interest, they are engaged in a joint venture.
>
> "Here, where it is undisputed that Dr. Oren and Dr. Jankowski were engaged in a common undertaking having a community of interest in the object and purpose, they were engaged in a joint venture.
>
> "Accordingly, they were each liable for their own negligence as well as the other's. In legal contemplation they were acting as partners and each were responsible for the acts or ommissions [sic] of the other."

and gave, instead, the defendant's tendered Instruction # 1 and # 2.

"Instruction # 1

"You are instructed that Ernest B. Jankowski, M.D. is not responsible for the acts or omissions of Dr. Oren in regard to the care and treatment of Dorothy Watts.

"In your deliberations, you are only to consider the acts or omissions of Dr. Ernest B. Jankowski in determining whether Dr. Ernest Jankowski was negligent in the diagnosis, care or treatment of Dorothy Watts."

"Instruction # 2

"You are instructed that the law in Indiana is that there is no joint and common duty between a family physician and a surgeon unless the family physician exercises dominion or control over the acts and decisions of the surgeon specialists."

They urge that the instructions given were erroneous statements of the law.

In the case at hand, Mrs. Watts was seen by her family physician, Dr. Jankowski, who recommended that she have surgery for a gallbladder condition. Dr. William Oren,[1] a surgeon, performed the operation with the assistance of the family physician. Dr. Jankowski explained his role in the surgery:

> "Well, my usual practice in assisting a gall bladder surgery would consist of–of mostly helping the surgeon, holding a retractor to make it easier for him to find the various things he's looking for, cutting sutures after he tied knots and just generally assisting."

During the operation, a penrose drain was inserted in Mrs. Watts' abdomen in order to expedite the draining of any blood, bile or serum into the dressing. The drain was to be removed by Dr. Oren four or five days after the surgery. It, however, was not removed and remained, instead, in her abdomen.[2]

---

1. Dr. Oren died before this action came to trial.

2. The drain was surgically removed five years later.

On appeal, Mrs. Watts and her husband seek to hold Dr. Jankowski liable for the alleged negligent failure to remove the drain. They argue that the liability of Dr. Jankowski and Dr. Oren is joint and, as a result, Dr. Jankowski is "liable for any negligence of his co–physician who actually performed the surgery."

In order to make such a claim, the Watts have overlooked a good bit of the evidence. Dr. Jankowski and three other physicians testified that a surgeon has complete control of all aspects of surgery, including the management of postoperative care. In a gallbladder procedure, they explained, it would be the surgeon's responsibility to manage the drain site [3] and, ultimately, to remove the drain.[4]

According to Dr. Jankowski, the drain had been put in place during the surgery. While making his rounds after surgery, he observed a dated, initialed notation on Mrs. Watts' hospital chart which said "Dressing changed. Moderate amount of light bloody type drainage present. Drain noted in sutures line." On the sixth day after surgery, the following notation was made on her chart. "All sutures plus drain out." It was signed by the surgeon, William F. Oren, M.D.

■ In considering whether any error results from the refusal of a tendered instruction, this Court must first determine 1) whether the tendered instruction correctly states the law, 2) whether there is any evidence in the record to support the giving of such an instruction, and 3) whether the substance of the tendered instruction is covered by other instructions. *Spears v. State* (1980), Ind., 401 N.E.2d 331; *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836.

■ After a review of the record, we are persuaded that there is no evidence in the record to support the giving of an instruction on joint venture. A joint venture is "An association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property and services." *O'Hara v. Architects Hartung and Association* (1975), 163 Ind.App. 661, 326 N.E.2d 283, 286. Each party must retain some control over the venture. *O'Hara, supra.* There must be a community of interest in the purpose of the undertaking and an equal right to direct and govern the movements and conduct of the other. *Stallings v. Dick* (1965), 139 Ind.App. 118, 210 N.E.2d 82.

Despite Dr. Jankowski's assistance during the operation, he was clearly under the control and supervision of the surgeon, Dr. Oren. It was the surgeon's responsibility to manage the drain site postoperatively. The hospital chart indicated that the drain was in place and functioning properly after the surgery. A further notation on the chart, made six days later and signed by the surgeon, showed that the drain "was out." It appears that if there was any negligence, it was solely on the part of Dr. Oren, rather than Dr. Jankowski. It was, after all, Dr. Oren who was charged with the duty of performing the surgery, managing the drain site and removing the drain in a non–negligent fashion.

■ We note that there is also no liability on the part of Dr. Jankowski because of his role as Mrs. Watts' family physician. In *Dahlberg v. Ogle* (1978), Ind., 373 N.E.2d 159, our Supreme Court stated that in Indiana there is no joint and common duty between a family physician and a surgeon whom he recommends. In light of this holding, the court's giving of Defendant's Instruction # 1 and Instruction # 2 was not error. Both were proper statements of the law and each was supported by evidence in the record.

We affirm.

GARRARD, P. J., concurs.

CHIPMAN, J. (by designation), concurs.

---

3. The surgeon may, in this situation, delegate the responsibility to another. This, however, was not done.

4. Dr. Jankowski explained that he followed the medical care of his patients after surgery, but left the care of the incisions to the surgeon.