612 A.2d 562

**HELMERICK DRIVE–IT–YOURSELF, INC., Appellant,**

v.

**ERIE MUNICIPAL AIRPORT AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1989.

Decided June 22, 1989.

Publication Ordered Aug. 3, 1992.

W. Patrick Delaney and James R. Fryling, for appellant.
Donald E. Wright, Jr., for appellee.

Before CRAIG, and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Helmerick Drive–It–Yourself, Inc. (Appellant) has appealed from a decision of the Court of Common Pleas of Erie County granting a motion for summary judgment in favor of the Erie Municipal Airport Authority (EMAA). We affirm.

This matter has its genesis in an equity suit whereby Appellant challenged EMAA's authority to issue citations to Appellant for failure to pay a $100.00 yearly permit fee as required by the then-existing rules and regulations of EMAA. Subsequently, EMAA filed a motion for summary judgment contending that based upon an amendment to its regulations the annual permit fee assessed against an off-premises car rental business was 10% of all gross revenues derived from the rental of automobiles to passengers picked up at the airport and that EMAA could, pursuant to the Municipal Authorities Act of 1945 (Municipal Authorities Act),[1] require Appellant to pay this permit fee. EMAA further alleged in its motion for summary judgment that the purpose of the permit fee was to defray airport operation expenses and to provide for the public health, safety and welfare. The trial court granted summary judgment and this appeal followed.

1. Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §§ 301–401.

■ There are several arguments presented on appeal for our consideration. The first argument is that EMAA did not have the power under the Municipal Authorities Act to assess the 10% gross revenue permit fee because (a) EMAA did not provide a service to Appellant; and (b) EMAA was indirectly competing with Appellant's business. Appellant's final argument is that the total fee assessed is unreasonable.[2]

■ We will address the arguments raised by Appellant *seriatim,* keeping in mind that in reviewing a grant of summary judgment, our scope of review is confined to determining whether the trial court committed an error of law or an abuse of discretion. *Kuehner v. Parsons,* 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987) *petition for allowance of appeal denied,* 517 Pa. 626, 538 A.2d 879 (1988). Summary judgment will only be granted when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party clearly establishes that it is entitled to a judgment as a matter of law. *Id.*

■ As to the first issue raised, this Court concludes that the Municipal Authorities Act confers upon EMAA the power to assess a 10% of gross revenues permit fee against Appellant. The Municipal Authorities Act provides for the creation of municipal authorities for the purpose of "acquiring, holding, constructing, improving, maintaining and operating, owning, leasing, either in the capacity of lessor or lessee, projects of the following kind and character: ... transportation, marketing ... airports ...". 53 P.S. § 306.A(a)(3).

2. Appellant asserts in the argument portion of its brief that the regulation authorizing a permit fee based upon 10% of gross revenues was not made part of the record before the trial court. There are several reasons we need not consider this argument. First, this issue was not set forth in the Statement of Questions Presented portion of Appellant's brief as required by Pa.R.A.P. 2116. Secondly, this argument was not raised before the trial court; therefore, it cannot be considered for the first time on appeal. *See* Pa.R.A.P. 302. Lastly, unless the contrary is proven, the acts of municipal and public officers are presumed to be valid and in compliance with the enabling legislation. *See Keystone Sanitation Co., Inc. v. Union Township,* 104 Pa.Commonwealth Ct. 521, 522 A.2d 691 (1987); *Petition to American Bank,* 23 Pa.Commonwealth Ct. 434, 332 A.2d 858 (1975).

Section 306.B(h) of the Municipal Authorities Act relevantly provides:

B. *Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes* including but without limiting the generality of the foregoing, the following rights and powers:

. . . .

(h) *To fix, alter, charge and collect rates and other charges in the area served by its facilities at reasonable and uniform rates to be determined exclusively by it,* for the purpose of providing for the payment of the expenses of the authority, the construction, improvement, repair, maintenance and operation of its facilities and properties, *. . . and to determine by itself exclusively the services and improvements required to provide adequate, safe and reasonable service, including extensions thereof, in the area served. . . .* (Emphasis added.)

Additional support for EMAA's authority to assess this permit fee may be found in Section 306.B(i) of the Municipal Authorities Act which relevantly provides that "[N]o Authority shall borrow money on obligations to be paid primarily out of lease rentals or other current revenues *other than charges made to the public for the use of the capital projects financed . . .*". (Emphasis added.)

■ Although this is a case of first impression, this Court concludes that the Municipal Authorities Act clearly provides municipal authorities with wide discretion in determining how to conduct their business and that the permit fee in question is a power conveyed to EMAA under the Municipal Authorities Act.

Support for our position can be found in *Alamo Rent–A–Car, Inc. v. Sarasota–Manatee Airport Authority,* 825 F.2d 367 (11th Cir.1987), *cert. denied,* 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 987 (1988) (where airport authority's assessment against an off-premises car rental company of a 10% fee on all gross business receipts derived from rental of automobiles to

passengers picked up at airport withstood an equal protection challenge); *Toye Brothers, Yellow Cab Co. v. Irby,* 437 F.2d 806 (5th Cir.1971) (where a 10% gross receipts fee imposed on a limousine service for its use of airport facility to pick up and discharge passengers was held to be a reasonable levy which did not constitute an objectionable burden on interstate commerce); *Airline Car Rental, Inc. v. Shreveport Airport Authority,* 667 F.Supp. 303 (W.D.La.1987) (where 7% gross receipts fee derived from rental of vehicles to passengers picked up at the airport imposed on non-tenant car rental businesses withstood equal protection and commerce clause challenges as well as a challenge that the municipal authority did not have the power to adopt such a resolution).

■ However, Appellant argues that EMAA does not provide a service to Appellant as required by Section 306.B(h) of the Municipal Authorities Act for which it may charge a reasonable rate. We refuse to accept this argument. The service EMAA provides is a marketplace from which Appellant derives a large portion of its customers. *See Airline Car Rental,* 667 F.Supp. at 306.

■ We must also disagree with Appellant's contention that EMAA is indirectly competing with Appellant's business. Clearly, EMAA has not engaged in the car rental business. The assessment of this permit fee is merely an attempt to be compensated for the benefits conferred upon Appellant. *See Alamo Rent–A–Car; Airline Car Rental.* Thus, EMAA is merely attempting to recoup the expenses it incurs in operation of the airport and the permit fee is a cost which Appellant must expend in order to do business.

■ Appellant's final argument is that a 10% gross receipts fee imposed for the use of the airport's facilities is unreasonable. A similar argument was rejected by the Fifth Circuit Court in *Toye Brothers* wherein the court noted:

The issue is to determine what is a reasonable fee, and how that fee may be computed. The basic contention of Coast, the cross-appellant on this point, is that a fee based on a percentage of gross receipts is per se prohibited as an

unconstitutional burden on interstate commerce.... [I]n the instant case the charge levied is not a tax in the traditional sense. It is rather compensation for use of the airport facilities. "And charges levied by state authority to defray the cost of regulation or of facilities afforded in aid of interstate or foreign commerce have consistently been held to be permissible". (Citations omitted.)

*Toye Brothers,* 437 F.2d at 811.

The court went on to say that the evidence established that the 10% of gross receipts fee is a commonly accepted charge throughout the nation and that it was a reasonable levy which did not constitute an objectionable burden on interstate commerce. *Toye Brothers,* 437 F.2d at 811.

The Federal District Court in *Airline Car Rental* relying on *Toye Brothers* held that a 7% gross receipts fee was reasonable:

Inasmuch as the Fifth Circuit already has recognized ten percent of gross receipts as a commonly accepted charge throughout the nation, and has recognized that fee as reasonable and as not placing an objectional burden on interstate commerce, this Court finds that the lower seven (7%) percent gross receipts fee at issue here is reasonable and does not impermissibly burden interstate commerce.

*Airline Car Rental,* 667 F.Supp. at 314.

Likewise, in the matter herein, EMAA's assessment of a 10% gross receipts fee is reasonable. As the trial court noted, it *only applies* to customers picked up at the airport. Furthermore, the on-airport car rental companies not only must pay 10% of revenues they receive from all of their customers but also, pay additional money through lease agreements for greater access to and use of the airport facilities.

Accordingly, the order of the Court of Common Pleas of Erie County granting summary judgment is affirmed.

## ORDER

AND NOW, this 22nd day of June, 1989, the order of the Court of Common Pleas of Erie County granting summary judgment in the above-captioned matter is hereby affirmed.