ACE RENT–A–CAR, INC., Enterprise Leasing of Indianapolis, Inc., and A. Mac Frugal Company, d/b/a Thrifty Car Rental, Appellants–Plaintiffs,

v.

INDIANAPOLIS AIRPORT AUTHORITY, Appellee–Defendant.

No. 49A05–9205–CV–00166.

Court of Appeals of Indiana, Fifth District.

April 29, 1993.

Rehearing Denied June 2, 1993.

Steven G. Cracraft, Michael J. Kias, Stewart & Irwin, Indianapolis, for appellants-plaintiffs.

Rex M. Joseph, William L. Schlosser, Robert A. Duncan, Indianapolis Airport Authority, Indianapolis, for appellee-defendant.

RUCKER, Judge.

Several car rental companies were adversely affected by a seven percent fee imposed on them by the Indianapolis Airport Authority ("IAA"). Three of the companies, Ace Rent–A–Car, Inc., Enterprise Leasing of Indianapolis, Inc., and A. Mac Frugal Company, d/b/a Thrifty Car Rental (collectively referred to as "Ace Rent–A–Car"), sued IAA alleging, among other things, the ordinance permitting IAA to impose the fee was invalid, the fee itself was unreasonable, and the fee represented an unauthorized tax on income. Both parties to this action filed motions for summary judgment. After conducting a hearing, the trial court granted IAA's motion and denied Ace Rent–A–Car's motion. Ace Rent–A–Car now appeals raising three issues for our review which we rephrase as:

1) Whether IAA must limit its fee to recoupment of costs related to repair and maintenance of airport roadways?

2) Whether the seven percent fee is an unauthorized tax on income?

3) Whether the seven percent fee is reasonable?

We affirm.

Ace Rent–A–Car operates a car rental business located near the Indianapolis International Airport. Through the use of a free shuttle service, Ace Rent–A–Car trav-

els over airport roadways and transports customers between the airport and Ace Rent–A–Car's business premises. No other activity is conducted on airport property.

IAA is a municipal corporation created by the Indiana Airport Authorities Act, Ind.Code § 8–22–3–1 *et seq.*, for the purpose of operating the Indianapolis International Airport. Under the provisions of Ind.Code § 8–22–3–11(9), IAA is authorized to "adopt a schedule of reasonable charges and to collect them from all users of facilities and services within the district." IAA possesses no taxing authority aside from its limited ability to assess a tax on property and therefore receives its revenues largely through user fees assessed against businesses operating on airport grounds.

IAA imposes a fee upon all off-airport car rental companies, along with all off-site hotels, motels and parking lots for the privilege of using airport roadways to operate their shuttle services. Prior to 1991, the fee equalled $170.00 per year plus an additional nominal charge based on the number of cars, hotel rooms or parking spaces airport customers actually used. In December, 1990, IAA adopted General Ordinance 3–1990 containing a new and revised fee schedule to take effect January 1, 1991. Under the Ordinance, fees for hotels, motels and parking lots would remain unchanged. However, off-airport car rental companies would be assessed a fee of "7% of all sales for the rental of automobiles to customers originating at the airport." *Record* at 48. IAA offered no explanation for the change in fee structure and did not base the fees on any computation of its own costs.

Ace Rent–A–Car filed a Complaint for Declaratory, Injunctive and other relief to prevent IAA from implementing and enforcing the Ordinance. In response, IAA filed its Motion to Dismiss on grounds the complaint failed to state a claim upon which relief could be granted. Because IAA included with its motion the affidavit of Robert Spitler, managing director of administration, the trial court treated the Motion to Dismiss as one for summary judgment. Ace responded to IAA's motion and thereafter filed its own Motion for Summary Judgment. After a hearing, the trial court granted summary judgment in favor of IAA and denied Ace's Motion for Summary Judgment. In so doing, the trial court entered detailed findings of fact and conclusions of law. Ace now appeals.

■ When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, *trans. denied.* We must consider the materials specifically designated to the trial court pursuant to Ind.Trial Rule 56(C) without deciding their weight or credibility. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, *reh. denied.* Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *ITT Commercial Fin. Corp. v. Union Bank & Trust* (1988), Ind. App., 528 N.E.2d 1149. When considering cross motions for summary judgment, the trial court must deal with each motion separately, again, construing the facts in favor of the non-moving party. *Liberty Mutual Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897.

We first address a procedural matter. Ace–Rent–Car complains the trial court's findings in support of its judgment include matters not contained in the record. Thus, concludes Ace Rent–A–Car, the findings are not supported by the evidence, the judgment is not supported by the findings and therefore the trial court's judgment must be reversed.

■ Specific findings entered by the trial court when ruling on motions for summary judgment afford the appellant an opportunity to address the merits of the trial court's rationale. *Fort Wayne Patrolman's Benevolent Ass'n, Inc. v. City of*

*Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, *reh. denied*, 411 N.E.2d 630. The specific findings and conclusions also aid our review by providing us with a statement of reasons for the trial court's actions. However, they have no other effect. *Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, *trans. denied.* Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the Rule 56(C) materials properly presented to the trial court. Our standard of review is the same as it was for the trial court: whether there was any genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Delk v. Board of Comm'rs* (1987), Ind.App., 503 N.E.2d 436. Therefore, Ace Rent–A–Car's concerns are duly noted, but we move to the merits of this appeal.

## I.

■ Ace Rent–A–Car contends the trial court erred in denying its motion for summary judgment because any fee imposed by IAA must be based on a cost analysis and must be limited to recoupment of costs related to repair and maintenance of airport roadways. According to Ace Rent–A–Car, the undisputed materials before the trial court reveal the seven percent fee imposed by IAA is based solely on revenue the companies generate and is totally unrelated to their use of airport roadways and facilities. In support of its argument, Ace Rent–A–Car cites *Evansville–Vanderburgh Airport Auth. Dist. v. Delta Air Lines, Inc.* (1972), 259 Ind. 464, 288 N.E.2d 136.

In *Delta Air Lines*, the only case in Indiana addressing the validity of airport user fees, our supreme court reviewed a $1.00 charge the Airport Authority levied against enplaning commercial airline passengers. The court approved the charge as a valid user fee and observed the enabling statute grants the Airport Authority "power to make the amount of a service charge or user fee depend on the extent of the use

made of the facilities." *Id.* at 137.[1] Ace Rent–A–Car contends the quoted language limits IAA's fees to expenses associated with general upkeep of the airport roadways. We disagree with Ace Rent–A–Car's reading of *Delta Airlines.*

The court in that case determined that fees imposed by an airport authority need not be uniform as to all users and may vary with the extent of use. However, the court did not address the manner in which "use" or "extent of use" is measured. In those jurisdictions which have addressed the issue, courts have upheld fees based on the overall benefit a user derives from the existence of the airport. *See e.g., Alamo Rent-a-Car v. Sarasota–Manatee Airport Auth.* (11th Cir.1990), 906 F.2d 516, 521–22, *cert. denied*, (1991), —— U.S. ——, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (a broad construction of the term "use" deemed appropriate where the benefit derived by the user depended on the existence of the entire airport facility); *Helmerick Drive–It Yourself, Inc. v. Erie Mun. Airport Auth.* (1992), Pa.Cmwlth., 612 A.2d 562 (fees based on customer volume upheld because airport provided a "marketplace" from which car rental company obtained a large portion of its customers); *Alamo Rent-a-Car v. Board of Sup'rs* (1990), 221 Cal. App.3d 198, 272 Cal.Rptr. 19 (fees based on customer volume upheld because car rental company received a commercial benefit as a result of airport's presence).

Through its free shuttle service, Ace Rent–A–Car transports enplaning and deplaning airport passengers between the airport and the company's business premises. Therefore, we agree with the court in *Alamo Rent-a-Car v. Sarasota–Manatee Airport Auth., supra,* which held: "Because [the car rental company] does enjoy the indirect "use" of the entire airport facility through travelers it services, we conclude that the user fee is a fair, albeit imperfect, approximation of use." *Alamo,* 906 F.2d at 519. In the case before us, the airport's very existence provides a marketplace from which Ace Rent–A–Car derives an econom-

---

**1.** *Delta Air Lines* was decided under Ind.Code § 19–6–3–15 (1971), the predecessor statute to

I.C. § 8–22–3–11(9), which contains almost identical language.

ic benefit. Thus, the fees imposed by IAA are not limited to recoupment of costs related to repair and maintenance of airport roadways. Rather, a fee based on a percent of the rental sales of automobiles made to customers originating at the airport represents at least one fair, although imperfect, method of measuring "use".

## II.

Ace Rent–A–Car next contends the trial court erred in refusing to grant its motion for summary judgment because the seven percent fee represents an unauthorized tax on income rather than a user fee. We disagree.

 A tax is compulsory and not optional; it entitles the taxpayer to receive nothing in return, other than the rights of government which are enjoyed by all citizens. *Ennis v. State Highway Commission* (1952), 231 Ind. 311, 108 N.E.2d 687, 693. On the other hand, a user fee is optional and represents a specific charge for the use of publicly-owned or publicly-provided facilities or services. *Commonwealth Edison Co. v. Montana* (1981), 453 U.S. 609, 621–22, 101 S.Ct. 2946, 2955, 69 L.Ed.2d 884, 896–97, *reh. denied,* 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023.

 In the case before us, Ace Rent–A–Car must pay a fee to IAA only if it uses and benefits from the airport facilities which the fee supports. We disagree with Ace Rent–A–Car that because the fee is based on revenue it is therefore transformed into a tax. To the contrary, the fee charged to Ace Rent–A–Car represents a percentage of the revenues the company receives from renting automobiles to customers it picks up at the airport. Because the fee is based on furnishing Ace Rent–A–Car a specific benefit it is thus not a tax but an authorized user fee under I.C. § 8–22–3–11. The trial court properly denied Ace's motion for summary judgment. We find no error here.

## III.

Ace Rent–A–Car next contends the trial court erred in granting summary judgment

in favor of IAA because the seven percent fee is unreasonable.

Indiana Code § 8–22–3–11 provides in relevant part:

> The board [of an airport authority] may do all acts necessary or reasonably incident to carrying out the purposes of this chapter, including the following:
>
> \* \* \* \* \* \*
>
> (9) To adopt a schedule of *reasonable charges* and to collect them from all users of facilities and services within the district. (emphasis added).

General Ordinance 3–1990 passed by IAA's Board provides in relevant part that off-airport car rental companies shall be assessed "a fee of 7% of all sales for the rental of automobiles originating at the airport." In this case Ace Rent–A–Car does not challenge the enabling statute, but rather argues IAA passed the Ordinance in contravention of the statute because the assessed fee imposed is not a "reasonable charge."

 Governmental actions, including ordinances, taken under the grant of police power, must be in reasonable furtherance of the goals of the health, order, moral, or safety of society at large. *Hobble ex rel. Hobble v. Basham* (1991), Ind. App., 575 N.E.2d 693, citing *Day v. Ryan* (1990), Ind.App., 560 N.E.2d 77 and *City of Muncie v. Pizza Hut* (1976), 171 Ind.App. 397, 357 N.E.2d 735. Like statutes, ordinances are presumptively valid and the party challenging an ordinance bears the burden of proving invalidity. *Hobble, supra.*

 At oral argument Ace Rent–A–Car vigorously insisted that IAA passed Ordinance 3–1990 without conducting any type of cost analysis or other study demonstrating why a seven percent fee is reasonable as opposed to some lower number. In essence, Ace Rent–A–Car suggests a governmental entity is required to justify its rationale before passing legislation. Ace Rent–A–Car cites no authority in support of its position and our own research reveals no such authority. Rather, an ordinance is cloaked with a presumption of validity and

the party challenging it bears the burden of proving invalidity. *Hobble, supra.*

.. In this case, IAA has the statutory authority to establish reasonable charges and to collect them from users of the airport facilities and services. The ordinance IAA passed in furtherance of that statutory grant of authority is presumptively valid and the seven percent fee imposed thereby is thus presumptively reasonable. Ace Rent–A–Car failed to carry its burden demonstrating otherwise. The trial court did not err in granting IAA's motion for summary judgment.

Judgment affirmed.

SHARPNACK, C.J., and NAJAM, J., concur.