Donald BARCLAY, Appellant–Petitioner,

v.

UNIVERSAL UNDERWRITERS GROUP and Thomas Connell, Appellees–Respondents.

No. 45A03–9802–CV–68.

Court of Appeals of Indiana.

Dec. 18, 1998.

Rehearing Denied Feb. 9, 1999.

Kenneth J. Allen, James E. Brammer, Kenneth J. Allen & Associates, P.C., Valparaiso, for Appellant–Petitioner.

Thomas B. Felix, Merrillville, Priscilla P. Weaver, James C. Schroeder, Victoria R. Collado, Mayer, Brown & Platt, Chicago, IL, for Appellees–Respondents.

## OPINION

HOFFMAN, Senior Judge.

Appellant Donald Barclay ("Barclay") appeals the trial court grant of summary judgment in favor of Universal Underwriters Group and Thomas Connell ("Universal"). We affirm.

The parties before us have no disagreement as to the facts giving rise to the suit. Barclay was tortiously injured by a third party in the course and scope of his employment with Dean's Auto Repair ("Dean's"). Universal, Dean's worker's compensation carrier, paid Barclay $10,507.45 in temporary disability payments. Barclay, represented by counsel Kenneth J. Allen & Associates, settled with the third-party tortfeasor for an undisclosed amount, without filing suit. The settlement did not involve a comparative-fault reduction, nor was it affected by any limited liability insurance issues. At issue is the amount Universal's lien against that settlement should be reduced for the payment of attorney fees to Barclay's counsel.

When reviewing the grant or denial of summary judgment, we apply the same standard as does the trial court. *Allstate v. Smith,* 656 N.E.2d 1156, 1157 (Ind.App.1995). If, as here, the facts are undisputed, the appellate court is to determine the law applicable to those facts, and whether the trial court correctly applied it. *Id.* The judgment of the trial court will be affirmed if it can be sustained on any basis. *Id.*

Ind.Code § 22–3–2–13 governs settlements and liens on awards to employees under the rubric of worker's compensation. The seventh paragraph of this section, in particular, provides that

[t]he employer or the employer's compensation insurance carrier shall pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting [a] third party claim, action or suit ... and to the attorney at law selected by the employee ... a fee of twenty-five percent (25%), if collected without suit, of the amount of benefits which benefits shall consist of the amount of reimbursements, after the expenses and costs in connection with the third party claim have been deducted therefrom, and a fee of thirty-three and one-third per cent (33⅓%), if collected with suit, of the amount of benefits after the deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit.

Under this statutory provision, Universal had a lien against the proceeds of Barclay's settlement with the third party for the $10,-507.45 Universal had paid him. The lien is not in dispute; rather, the parties disagree as to what portion of the lien Universal must pay to Barclay's attorney as Universal's "statutory" share of that attorney's fee.

Barclay argues that in addition to Ind. Code § 22–3–2–13, the court must consider Ind.Code § 34–51–2–19, Diminishment of subrogation claims [1], and Ind.Code § 34–53–1–2, Payment of insurer's share of costs and expenses [2].

The entirety of Ind.Code § 34–51–2–19 reads as follows:

If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:

(1) by comparative fault; or

(2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;

the lien or claim shall be diminished in the same proportion as the claimant's recovery

---

1. Formerly Ind.Code § 34–4–33–12, renumbered pursuant to P.L. 1–1998, effective July 1, 1998.

2. Formerly Ind.Code § 34–4–41–4, renumbered pursuant to P.L. 1–1998, effective July 1, 1998.

is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

■ Barclay contends that the court must apply this statute along with the worker's compensation statute. He relies in part upon our decisions in *Allstate v. Smith, supra* and *D'Archangel v. Allstate Ins. Co.*, 656 N.E.2d 294 (Ind.Ct.App.1995), *trans. denied.*

As noted above, comparative fault was not an issue in Barclay's settlement. Further, there is nothing in the record to indicate that Barclay did not "collect" the full amount of the settlement upon which he and the tortfeasor agreed. As the trial court correctly noted in the opinion granting summary judgment:

It is undisputed that [Barclay's] recovery from [the third party] has not been reduced and that plaintiff must reimburse Universal for its $10,507.45 lien.... The only question is what portion of the $10,-507.45 [Barclay's] lawyer, Mr. Allen, may keep for himself as his statutory attorney's fee. (R. 188).

Barclay contends that *Allstate* stands for the proposition that in a case where Ind.Code § 34-51-2-19 does not apply, then Ind.Code § 34-53-1-2 automatically does. He has not, however, squared this contention with the fact that his case is distinguishable from *Allstate*, insofar as his case involves worker's compensation, and *Allstate* did not. The construction of Ind.Code § 22-3-2-13 was never at issue in *Allstate*, and so the case does not dictate the result Barclay would have us reach.

■ Similarly, Barclay's reliance upon *D'Archangel* is misplaced. At issue in that case was whether, under Ind.Code § 34-53-1-2, an insurer claiming reimbursement rights is required to pay a pro rata share of the costs incurred by its insured in asserting a claim against a third party tortfeasor. The fundamental holding of *D'Archangel* is that, under Ind.Code § 34-53-1-2, even where an insured recovers from a third-party tortfea-

sor without having to file suit, its insurer claiming reimbursement rights must pay a pro rata share of the reasonable and necessary costs and expenses of asserting the third-party claim. Ind.Code § 34-53-1-2 provides:

An insurer claiming subrogation or reimbursement rights under this chapter shall pay, out of the amount received from the insured, the insurer's pro rata share of the reasonable and necessary costs and expenses of asserting the third party claim. These reasonable and necessary costs and expenses include and are not limited to the following:

[* * *]

(3) Attorney's fees to the lesser of:

(A) the amount contracted by the insured for the insured's portion of the claim; or

(B) thirty-three and one-third percent (33⅓%) of the amount of the settlement.

Barclay argues we are to apply this statutory attorney fee calculation because, as in *D'Archangel*, he reached a settlement without suit.[3]

First, Ind.Code § 34-53-1-2 applies to "an insurer claiming subrogation or reimbursement rights under [Chapter 1]." As we have stated above, Universal is claiming reimbursement rights under Ind.Code § 22-3-2-13, not Ind.Code § 34-53-1-2. Barclay has argued that we should attempt to reconcile the "interplay" between Ind.Code § 22-3-2-13 and both Ind.Code § 34-53-1-2 and § 34-51-2-19. In this way, we are to find that Barclay's counsel has a statutory entitlement to a fee of 33⅓% of Barclay's recovery from the third-party tortfeasor. In actuality, however, whether Barclay's counsel receives 25% of Barclay's recovery from the third-party tortfeasor or 33⅓% of that recovery is a matter to be decided between Barclay and his counsel. The statutory interpretation yields no valid reason for Universal to be bound by that decision. Universal is bound only by the terms of Ind.Code § 22-3-2-13 as to what it shall pay an attorney chosen by

---

**3.** He also argues that the trial court's refusal to apply Ind.Code 34-53-1-2 instead of Ind.Code 22-3-2-13 encourages litigation, an argument more appropriately directed to the legislature, not to our forum.

the injured employee, and that statute makes a very clear distinction between a recovery "collected without suit" and one "collected with suit."

The trial court's grant of summary judgment is affirmed.

JUDGMENT AFFIRMED.

SHARPNACK, C.J., and SULLIVAN, J., concur.