MILWAUKEE GUARDIAN INSUR-
ANCE, INC., Appellant
(Defendant Below),

v.

Donald L. REICHHART, Appellee
(Plaintiff Below).

No. 3–1284A349.

Court of Appeals of Indiana,
Third District.

July 3, 1985.

Donald R. Clifford, Donald R. Clifford, P.C., Fort Wayne, for appellant.

Warren W. Wyneken, Wyneken & Kern, Fort Wayne, for appellee.

HOFFMAN, Judge.

Milwaukee Guardian Insurance, Inc. (Milwaukee) appeals an adverse judgment entered in favor of Donald L. Reichhart (Reichhart) awarding him damages incurred in defense of a lawsuit filed by John and Connie Kennerk (Kennerk).

The evidence submitted herein shows that Reichhart was joined as a party to the Kennerk lawsuit in February, 1982. Reichhart was alleged to have been negligent in clearing a drainage ditch to permit the natural flow of water over the Kennerk land. After receiving a copy of the complaint and summons, in late March, 1982, Reichhart retained attorney, Warren W. Wyneken, to represent him. Wyneken conducted an investigation into the allegations against Reichhart and prepared for and successfully defended Reichhart at trial.

During the course of the Kennerk trial, Reichhart was alerted by a neighbor that his homeowners insurance policy might provide coverage for the acts complained of in the Kennerk suit. Reichhart contacted his insurance agent, Lynn Wegmann, and provided Wyneken with a copy of his insurance policy. The policy was determined to provide coverage for Reichhart's acts. Milwaukee, however, denied liability because of Reichhart's failure to notify the company of the Kennerk claim and suit until after the trial was concluded, approximately eleven months after suit had been filed.[1]

Reichhart filed suit against Milwaukee to recover expenses and attorney's fees incurred in retaining Wyneken to defend him in the Kennerk suit. Trial was held in August, 1984, and findings of fact and conclusions of law were entered in favor of Reichhart.

The issue dispositive of this appeal is whether an insured may recover, under a contract of insurance, expenses and attorney's fees incurred in defense of a lawsuit where his insurance company was not provided with notice of the suit until after trial was concluded on the merits of the action.

At issue herein are various provisions in Reichhart's homeowners insurance policy respecting notice of a claim and the voluntary retention of an attorney by an insured. Pursuant to Section II of the policy, if there is an accident or occurrence, an insured is required to:

"a. give written notice to [Milwaukee] or [its] agent as soon as practicable, which sets forth:

(1) the identity of the policy and insured;

(2) reasonably available information on the time, place and circumstances of the accident or occurrence; and

(3) names and addresses of any claimants and available witnesses;

b. forward to [Milwaukee] every notice, demand, summons or other process relating to the accident or occurrence[.]" Milwaukee Insurance Policy, Section II–3.

The policy further states that:

"e. the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the bodily injury." Milwaukee Insurance Policy, Section II–3(e).

As a prerequisite to bringing an action for proceeds under the policy, an insured must

---

1. Although there is some question as to the exact date notice of the suit was given to the agent, the evidence is clear that the initial oral contact was made after the trial was in progress and possibly after it was completed. The first *written* notice of the suit, as required by the policy, was not forwarded until after the trial was concluded.

comply with all provisions of the contract, including the notice provision above. Milwaukee Insurance Policy, Section II–6.

■ As a general rule, if provisions in an insurance contract are ambiguous, the contract will be construed in favor of the insured. *Taylor et al. v. Amer. Underwriters* (1976), 170 Ind.App. 148, 352 N.E.2d 86. Ambiguity is said to exist when a contract is susceptible to more than one interpretation and reasonably intelligent men would honestly differ as to its meaning. *Northland Ins. Co. v. Crites* (1981), Ind.App., 419 N.E.2d 164. If a contract is not ambiguous, it will be given its plain and ordinary meaning. *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257.

Reichhart does not appear to argue that the contract provisions are ambiguous and even concedes that he voluntarily employed Wyneken to defend him in the Kennerk lawsuit. It is clear that written notice of the suit was not forwarded to Milwaukee until eleven months after suit was filed and after the trial was completed. Reichhart asserts, however, that due to the nature of the Kennerk claim, he was unaware that his homeowners insurance might provide liability coverage and a legal defense for the Kennerk suit and therefore he should not be required to fulfill the contract provisions respecting notice. Additionally, Reichhart argues that because of Wyneken's skillful handling of the Kennerk case and his success at trial, Milwaukee was not prejudiced by his delay in giving notice.

Although Reichhart asserts that the nature of the Kennerk action did not alert him to the possibility of insurance coverage, the record clearly shows that after he received notice of the suit, Reichhart made no inquiry as to whether he might be insured, either of Wyneken, of his insurance agent, or of Milwaukee. Reichhart was knowledgeable in matters of insurance and had carried Milwaukee Guardian Insurance, both personal and business, through the Wegmann agency for twenty years. He and his family had submitted various claims for insurance prior to the Kennerk suit. Reichhart testified that Wegmann was an accessible insurance agent and Reichhart was normally in contact with Wegmann every two or three months. During the pendency of the Kennerk suit, Reichhart met with Wegmann to discuss and renew his homeowners insurance. At that meeting Reichhart made no mention of the pending Kennerk suit. Reichhart had the opportunity to inquire as to possible insurance coverage but failed to do so.

■ The trial judge, in his findings of fact, correctly notes that a presumption of prejudice arises from Reichhart's delay in notifying Milwaukee. In the case of *Miller v. Dilts, supra,* Ind., 463 N.E.2d 257, the Supreme Court of Indiana recently discussed the importance of giving notice of a claim to an insurance company to enable it to prepare the defense of a lawsuit. In ruling against three insureds for failure to give timely notice of a claim, the Court in *Miller* states:

> " '[n]otice is a threshold requirement which must be met before an insurer is even aware that a controversy or matter exists which requires the cooperation of the insured.' The notice requirement is 'material, and of the essence of the contract.' *London Guarantee, supra,* 35 Ind.App. at 345, 66 N.E. at 482. The requirement of prompt notice gives the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the accident or loss. This adequate investigation is often frustrated by a delayed notice. Prejudice to the insurance company's ability to prepare an adequate defense can therefore be presumed by an unreasonable delay in notifying the company about the accident or about the filing of the lawsuit."

463 N.E.2d at 265.

Three actions were consolidated by the Supreme Court in *Miller.* Notice was received in the first case, six months after

the occurrence and ten days after a lawsuit was filed. In the second case, the insurance company was informed of an accident one month after it occurred but was not given notice of a lawsuit until a default judgment was taken fifteen months later. In the third, notice was given seven months after the accident and five days after suit was filed. Milwaukee was not notified of the Kennerk claim or lawsuit until eleven months after suit was filed and after a trial had been completed.

Although recognizing that a presumption of prejudice arises from a delay in giving notice, the *Miller* Court states that an insured may rebut the presumption by presenting evidence that the insurance company was not prejudiced. The trial judge herein concluded that Milwaukee had not been prejudiced by Reichhart's delay in giving notice. That conclusion was based upon the court's findings that Wyneken skillfully conducted Reichhart's defense, ultimately winning at trial.

■ This Court recognizes that the findings and conclusions of the trial court must be construed liberally in support of the judgment and may be set aside only if they are clearly erroneous. *Extra Energy Coal Co. v. Diamond Energy* (1984), Ind.App., 467 N.E.2d 439. The findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves the Court with a definite and firm conviction that a mistake has been made. *First Fed. Sav. & Loan Ass'n v. Stone* (1984), Ind. App., 467 N.E.2d 1226.

■ The evidence presented herein clearly shows that Milwaukee did not receive notice of the Kennerk suit until eleven months after suit was filed and after the trial had been concluded. Although Reichhart was successful at trial, Milwaukee was denied any opportunity to offer settlement or to guide the course of litigation, a right conferred by the insurance contract. Milwaukee was prohibited from selecting its own attorney to defend the suit, one

which might have been more familiar with insurance defense litigation. Milwaukee was unable to negotiate the amount of attorney's fees it would be required to pay. An insurance company cannot be forced to pay fees and expenses incurred wholly without its knowledge or consent pursuant to an insurance contract when the insured has made no effort to fulfill his duties under that contract. When trial has been held and a cause of action has been concluded without notice to the insuring company, the company will not subsequently be required to disburse proceeds under that policy for expenses or fees incurred without its knowledge. The trial court erred in finding that Milwaukee had not been prejudiced by Reichhart's delay. Prejudice was established as a matter of law.

The trial judge herein awarded Reichhart damages based upon a theory of quantum meruit, finding that Milwaukee would be unjustly enriched by the services of Wyneken were it not required to pay for those services. Milwaukee correctly asserts that an award based upon a theory of quantum meruit is contrary to law.

■ The relationship between Reichhart and Milwaukee is a contractual one, entered into by agreement of the parties. Generally, a party seeking to recover upon a theory of quantum meruit or quasi contract must demonstrate that a benefit was rendered to another at the express or implied request of such other party. *Kody Engineering Co. v. Fox Ins. Agency* (1973), 158 Ind.App. 498, 303 N.E.2d 307. Reichhart does not make any assertion that Milwaukee requested the services of Wyneken, either expressly or impliedly. Further, the existence of a valid contract of insurance between Reichhart and Milwaukee would preclude any form of action in quantum meruit. *Kincaid v. Lazar* (1980), Ind. App., 405 N.E.2d 615. The validity of the insurance contract here in question is not disputed by either of the parties. The

award in quantum meruit was therefore improper.[2]

The judgment of the trial court is reversed.

Reversed.

STATON, P.J., and GARRARD, J., concur.

2. Milwaukee additionally alleges the trial court erred in denying its Motion to Dismiss and subsequent Motion for Summary Judgment. The record however shows that a question as to the existence of prejudice for failure to timely give notice remained at issue throughout the proceedings. It appears that our Supreme Court in *Miller* requires that the parties be allowed to present evidence on the issue of prejudice if the issue is raised by the parties. The Court in *Miller* states:

"The injured party can establish some evidence that prejudice did not occur in the particular situation.... The insurance carrier in turn can present evidence in support of its claim of prejudice. Thus, both parties are able to put forth their respective positions in the legal arena."
463 N.E.2d at 265, 266.

As the issue of prejudice was raised by the pleadings filed herein, the trial court did not err in denying Milwaukee's Motion to Dismiss and Motion for Summary Judgment.

