**ASSOCIATED INSURANCE COMPANIES, INC., d/b/a Blue Cross and Blue Shield of Indiana, Appellant (Intervenor–Plaintiff Below),**

v.

**William BURNS, Appellee (Plaintiff Below),**

v.

**CARDINAL SERVICE MANAGEMENT and Commercial Union Insurance Co., Appellees (Defendants Below).**

**No. 93A02–8912–EX–645.**

Court of Appeals of Indiana, Fourth District.

Nov. 14, 1990.

---

John S. (Jay) Mercer, Wood, Tuohy, Gleason, Mercer & Herrin, Indianapolis, for appellant.

Martin R. Shields, New Castle, Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellees.

CONOVER, Judge.

Proposed Intervenor–Appellant Associated Insurance Companies, Inc., d/b/a Blue Cross and Blue Shield of Indiana (Blue Cross) appeals the Worker's Compensation Board's (Board) denial of its petition to intervene in William E. Burns's (Burns) claim for worker's compensation against Cardinal Service Management (Cardinal) and its worker's compensation carrier, Commercial Union Insurance (Commercial).

We reverse.

Blue Cross raises one issue for our review. Restated, it is:

whether the Worker's Compensation Board erred in denying Blue Cross's petition to intervene.

On May 13, 1988, Burns filed a claim for worker's compensation benefits with the Board, alleging he sustained work-related injuries on February 9, 1988, when he slipped on ice while moving a dishwasher for Cardinal. The claim stated Cardinal and Commercial denied the injuries occurred in the course of his employment. In his claim, Burns acknowledged Blue Cross had paid part of his medical and hospital expenses resulting from the injury.

Blue Cross filed an application to intervene as party plaintiff in which it claimed it paid Burns's medical and hospital expenses in the amount of $5,267.79. In its application, Blue Cross explained the expenses were paid before it discovered Burns's injuries resulted from an accident arising out of, or in the course of, Burns's employment with Cardinal. Blue Cross asked the Board to require Cardinal and Commercial to directly reimburse Blue Cross from any benefit award for the medical and hospital expenses paid on Burns's behalf. The application explained Burns's policy with Blue Cross excluded coverage of work-related injuries.

The Acting Chairman of the Board granted the application to intervene. However, upon Commercial's petition to reconsider, the Board denied intervention. This appeal followed.

Blue Cross contends current Indiana case law encourages intervention in Board proceedings by non-occupational insurers attempting to obtain reimbursement from a benefit award for medical

expenses paid. Conversely, Commercial contends current case law prohibits such intervention.

Four cases cited by the parties require discussion:

In *Inland Steel Co. v. Almodovar* (1977), 172 Ind.App. 556, 361 N.E.2d 181, *trans. denied*, a portion of the employee's medical bills had been paid by a non-occupational health insurer prior to the worker's compensation action. The employee and the employer stipulated at the Board hearing that in the event an award was made to the employee, the employer would be entitled to a credit for the payments made by the health insurer. The Board awarded compensation to the employee, but did not give a credit to the employer. On appeal, we considered the issue of whether a credit should have been allowed. We upheld the Board's determination, stating it was beyond the Board's jurisdiction to attempt to adjudicate the employee's liability or non-liability to the non-occupational health insurer. The health insurer in *Inland* was not a party to the proceeding nor did it petition to intervene.

In *Rockwell International v. Byrd* (1986), Ind.App., 498 N.E.2d 1033, we again considered the issue of whether an employer is entitled to a credit for payments made by a non-occupational insurer. We held the language of IND.CODE 22–3–3–23(a) controlled because it clearly indicated credits were allowed for payments made by the employer rather than a third party.[1] We further noted the issue of the employee's liability to the non-occupational insurer was outside the scope of the 'credit' action, and the Board lacked jurisdiction to decide the matter. Again, the non-occupational insurer was not a party to the case, nor did it seek to intervene therein.

In *Jenkins v. Pullman Standard Car Manufacturing Co.* (1957), 127 Ind.App. 173, 139 N.E.2d 566, we faced the direct issue of whether the Board had jurisdiction to make an award to a third party which had paid the employee's expenses prior to his claim for workmen's compensation benefits. In *Jenkins*, the employee requested the Board make an award to his union as reimbursement for statutory medical expenses it had paid. The union was not a party in the administrative action. We held the Board had no duty to make the award to the union because the union had not been named a party plaintiff or defendant. We cited Rule 630 IAC 1–1–7 which requires all persons claiming relief to be joined as plaintiffs in the claim for benefits.[2]

Finally, in *Sears Roebuck & Co. v. Murphy* (1987), Ind.App., 508 N.E.2d 825, *reh. denied*, we revisited the issue of reimbursement. We held the Board had incorrectly required the employer to make a direct reimbursement to the non-occupational insurer. We quoted *Jenkins* and *Inland* for the proposition the Board lacks jurisdiction to decide the question of reimbursement when the non-occupational insurer is not a party to the action.

The cases cited by the parties are distinguishable from the present case. In each of the cases cited, the payor of the employee's medical and hospital expenses was not a party to the action and the Board therefore lacked jurisdiction to award reimbursement. We cannot agree with Blue Cross that *Jenkins* and *Sears* invite a non-occupational insurer to intervene for purposes of a reimbursement award. The cases were decided on their facts and are silent on the propriety of intervention or the Board's jurisdiction to award reimbursement to an

---

1. IC 22–3–3–23(a) currently reads, in pertinent part:

    Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of IC 22–3–2 through IC 22–3–6 were not due and payable when made, may, subject to the approval of the worker's compensation board, be deducted from the amount to be paid as compensation.

2. Rule 630 IAC 1–1–7 provides:

    All persons should be joined as plaintiffs in whom any right to any relief, arising out of the same transaction, is alleged to exist.

    If any such person should refuse to join as a plaintiff, such person should then be joined as a defendant, and the fact of such refusal to join as plaintiff should be stated in the application, petition or complaint.

intervenor. Furthermore, we cannot agree with Commercial that *Inland* and *Rockwell,* when read in context, prohibit a non-occupational insurer from intervening for the purposes of reimbursement. The cases hold the Board lacks jurisdiction to decide the question of reimbursement when the employer is seeking a "credit" for payments by a non-occupational insurer who is not a party to the action.

We must turn to the language and intent of the Worker's Compensation Act for guidance. IC 22–3–1–3 and IC 22–3–5–5 are applicable. IC 22–3–1–3 provides, in pertinent part:

(b) The Worker's Compensation Board is authorized:

(1) to hear, determine, and review all claims for compensation under IC 22–3–2 through IC 22–3–7; ... [and],

(3) to approve claims for medical service or attorneys' fees and charges for nurses and hospitals; ....

IC 22–3–5–5 provides, in pertinent part:

(c) (4) This insurer [the employer's workmen's compensation carrier] will promptly pay to the person entitled to the same all benefits conferred by IC 22–3–2 through 22–3–6 [the workmen's compensation act], including physician's fees, nurse's charges, hospital services, burial expenses, and all installments of compensation or death benefits that may be awarded or agreed upon under IC 22–3–2 through 22–3–6.... This policy is a direct promise by this insurer to the person entitled to physician's fees, nurse's charges, fees for hospital services, charges for hospital supplies, charges for burial compensation, or death benefits, and shall be enforceable in the name of the person.

(d) All claims for compensation, nurse's charges, hospital services, hospital supplies, physician's fees, or burial expenses may be made directly against either the employer or the insurer or both, and the award of the worker's compensation board may be made against either the employer or the insurer or both. If any insurer shall fail or refuse to pay final award or judgment (except during the pendency of an appeal) rendered against it, or its insured, or, if it shall fail or refuse to comply with any provision of IC 22–3–2 through 22–3–6, the board shall not accept any further proofs of insurance from it until it shall have paid the award or judgment or complied with the violated provision of IC 22–3–2 through IC 22–3–6.

It is well settled a statute must be construed in light of its apparent purpose. *Frost v. Review Board of Indiana Employment Security Division* (1982), Ind.App., 432 N.E.2d 459, 461. When the language used in a statute is uncertain, it is appropriate to look not only at the statute's language but also to the subject matter of the act in which it is contained. *Allen County Dept. of Public Welfare v. Ball Memorial Hospital Association* (1969), 253 Ind. 179, 252 N.E.2d 424, 427. The general aim of the Worker's Compensation Act is to provide a system conducive to prompt determination and settlement of employees' claims. *Hibler v. Globe American Corp.* (1958), 128 Ind.App. 156, 147 N.E.2d 19, 23. This goal is accomplished by holding the employer strictly liable for any injuries incurred by his employee within the course of his employment. *Fox v. Contract Beverage Packers, Inc.* (1980), Ind.App., 398 N.E.2d 709, 711. Thus, the Act transfers the greater portion of economic loss due to an industrial accident from the employee to the industry in which he is employed. *Goins v. Lott* (1982), 435 N.E.2d 1002, 1010. A statute under the Worker's Compensation Act should be interpreted to correct the problems it addresses and accomplish the ends sought. *Id.,* at 1006. All provisions of the Act must be construed liberally in order to accomplish its beneficent purposes.[3] *Id.*

---

**3.** Accordingly, we held in *Goins* that the Board, as a necessary incident to determination of dependency, could make a finding of paternity of an acknowledged illegitimate child whose paternity had not been determined by a court.

The issue here is whether, under IC 22–3–5–5, Blue Cross is a "person entitled" to make a claim for reimbursement for benefits conferred under the Act. The Act does not define "person entitled." Commercial urges us to give the phrase a narrow interpretation which authorizes only physicians, nurses, suppliers of hospital goods, morticians, and their designated employees, to make claims under the Act. However, the specific designation of what expenses may be reimbursed does not place a limitation on the general designation of who may be reimbursed.

In general, the Act authorizes the Board to determine and review all claims under IC 22–3–2 through IC 22–3–7 in order to insure all designated work-related injuries are treated without penalizing the employee or society as a whole. The Board is therefore authorized to determine and insure the payment of expenses enumerated in IC 22–3–5–5 from any benefits ultimately determined to be payable by the employer or its worker's compensation carrier. Specifically, IC 22–3–5–5 is intended to encourage prompt provision of necessary treatment to the employee by providing an expedited method of receiving payment from any compensation award made by the Board.

We hold it is the intent of IC 22–3–5–5 to allow Blue Cross to receive direct reimbursement from benefits conferred under the Act. We further hold Blue Cross must be allowed to intervene in the present action to insure reimbursement. In so holding, we express our agreement with the rationale of *Aetna Life Insurance Co. v. Harris,* 578 F.2d 52 (3d Cir.1978). In *Aetna,* the court was faced with the issue of whether a non-occupational insurer could intervene in proceedings under the Longshoremen's and Harbor Worker's Act to recover amounts paid out of work-related injuries. Under the Act, the Benefits Review Board was given the "full power and authority to hear and determine all questions in respect of such claim [for compensation]." 578 F.2d, at 54 (quoting 33 U.S.C. 919). The court held Aetna could intervene and concluded:

Aetna's claim for reimbursement is derived from the same nucleus of operative facts as Harris's claim for compensation. A finding that a claimant's injuries are work-related is, in operative effect, a finding that payments should not have been made under a policy covering non-occupational injuries. Deciding reimbursement claims at the same time as compensation claims avoids essentially duplicative litigation thus reducing the expenditure of time and money by the parties and the courts. *Facilitating reimbursement of improperly paid benefits also encourages insurance companies such as Aetna to make swift payment of legitimate claims.* Thus on the basis of these policy considerations and the close factual relationship between reimbursement and compensation claims, we hold that claims for reimbursement are questions in respect of compensation claims and may therefore be decided in the same proceedings in which the compensation claims are decided. (Emphasis supplied).

It is clear benefits paid by a non-occupational employer help the injured employee to receive necessary treatment while awaiting the award of workmen's compensation. In the present case, Burns acknowledged receiving payment from Blue Cross for medical and hospital services made necessary by his work-related injuries. Facilitation of reimbursement for exactly these types of expenditures is consistent with the goals of the Act and is provided for in IC 22–3–5–5. The Board thus has authority to determine the amount to be reimbursed and to order reimbursement from any compensation award.[4]

---

4. A non-occupational insurer's participation will help to prevent future attempts by worker's compensation carriers to shift the burden of payment. Worker's compensation carriers currently "settle" with employees if the employee agrees to stipulate that injuries were not work-related. These settlements make it difficult and expensive, if not impossible, for the non-occupational insurer to gain reimbursement in the subsequent action. These settlements also allow the employee to "play both ends against the middle" by receiving funds from both the com-

Commercial contends Blue Cross is precluded from gaining reimbursement for its expenditures on Burns's behalf. Commercial cites IC 22–3–2–17 in support of its contention. The aforementioned statute prohibits the assignment of claims for compensation and obviously protects workmen's compensation benefits from being depleted by the claims of general creditors. We conclude, however, that IC 22–3–2–17 does not prevent reimbursement to Blue Cross. This statute must be read in conjunction with IC 22–3–5–5, which allows persons entitled to payment for enumerated benefits to receive such payment directly from any compensation award. Persons entitled to payment under IC 22–3–5–5 are not in the same position as general creditors and payment furthers the purposes of the Act. *See Aetna, supra,* at 55.

Finally, Commercial contends intervention would virtually prevent any chance of settlement between the employer/compensation carrier and the employee. Commercial reasons the employer/compensation carrier will settle only on the basis of a significant dollar decrease in the employee's claim, and the intervenor will not permit any settlement that does not provide total reimbursement for statutory expenses incurred because of the work-related injury.

We simply note the intent of the Act is to insure the employee receives benefits which are sufficient to cover loss occasioned by work-related injuries. The Act is also intended to insure that certain statutory expenses are directly reimbursed. Intervention under IC 22–3–5–5 accomplishes the goals of the Act.

Reversed and remanded to the Board for further proceedings consistent with this opinion.

CHEZEM and GARRARD, JJ., concur.

pensation carrier and the non-occupational insurer. *See Vetsch v. Schwan's Sales Enterprises* *and Prudential Insurance Company of America* (1979), Minn. 283 N.W.2d 884.