**Verna Marie COOK and Richard R. Fox, Appellants–Plaintiffs,**

v.

**HUMANA HEALTH CARE PLAN, INC., Appellee–Defendant.**

No. 22A01–9404–CV–122.

Court of Appeals of Indiana, First District.

June 23, 1994.

Richard R. Fox, Steven A. Gustafson, New Albany, for appellants.

Kenneth R. Abbott, Jeffersonville, Mark Dobiesc, Pro Hac Vice, Louisville, for appellee.

BAKER, Judge.

In this case, we decide whether an insurance company is statutorily bound to pay its share of the insured's attorney's fees that secured reimbursement for benefits previously paid. Appellants-plaintiffs Verna Marie Cook and Richard R. Fox (collectively Fox) contest the grant of summary judgment in favor of appellee-defendant Humana Health Care Plan, Inc., denying Fox's claim for attorney's fees under IND. CODE § 34–4–41–4 (Supp.1994) (Cost Statute).

### FACTS

The following facts are not disputed. On April 30, 1991, Cook sustained injuries during her employment at Greater Clark County Food Service (GCCFS). GCCFS's worker's compensation carrier, Indiana Insurance Co., initially denied worker's compensation coverage for Cook, asserting that the injury was not work-related. Cook then received medical insurance benefits from Humana, her group health plan insurer. Cook retained Fox to appeal the denial of her worker's compensation claim. As a result of Fox's efforts, Indiana Insurance settled Cook's worker's compensation claim, stipulating that her injury was work-related and agreeing to pay her medical expenses.

Humana then demanded that Indiana Insurance reimburse $4,444.13 that Humana had paid for Cook's medical expenses which should have been paid by Indiana Insurance. Fox requested one-third of any recoupment of the benefits paid by Humana as attorney's fees. When Humana refused, Fox commenced this action. Indiana Insurance withheld reimbursement to Humana pending the disposition of this case. Humana filed a motion for summary judgment, which the trial court granted on February 15, 1994.

### DISCUSSION AND DECISION

■ Fox challenges the summary judgment in favor of Humana. When reviewing an appeal from summary judgment, we apply the same standard as the trial court. Summary judgment is appropriate only when the designated evidentiary matter establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Perry v. Stitzer Buick, GMC, Inc.* (1992), Ind.App., 604 N.E.2d 613, 615–16.

As the facts are not in dispute, Fox challenges whether he is entitled to summary judgment as a matter of law. He contends that Humana must pay his attorney's fees pursuant to the Cost Statute, which provides:

Insurer claiming subrogation or reimbursement rights to pay costs of third party claim.—An insurer claiming subrogation or reimbursement rights under this chapter shall pay, out of the amount received from the insured, the insurer's pro rata share of the reasonable and necessary costs and expenses of asserting the third party claim. These reasonable and necessary costs and expenses include, and are not limited to the following:

    1) The cost of depositions.

    2) Witness fees.

    3) Attorney's fees to the lesser of the amount contracted by the insured for the insured's portion of the claim or thirty-three and one-third percent (33⅓%) of the amount of the settlement.

The Costs Statute applies to:

an insurer claiming subrogation or reimbursement rights to the proceeds of a settlement or judgment resulting from a legal proceeding commenced by an insured against a third party legally responsible for personal injury for which payment is made by the insurer.

IND. CODE § 34–4–41–3 (Supp.1994).

■ When construing a statute, our foremost duty is to determine and give effect to the true intent of the legislature. *Indiana Dep't of Human Servs. v. Firth* (1992), Ind. App., 590 N.E.2d 154, 157, *trans. denied.* When a statute is clear and unambiguous on its face, we may not interpret the statute. *Scheub v. Town of Schererville* (1993), Ind. App., 617 N.E.2d 585, 587. Words are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Department of Public Welfare v. Couch* (1992), Ind., 605 N.E.2d 165, 167.

The sole case applying the Cost Statute involved an express subrogation agreement in which the subrogee insurer recognized its liability for attorney's fees incurred by the insured in effecting third party payment. *See Holland v. Miami Systems, Inc.* (1993),

Ind.App., 624 N.E.2d 478, 483, *trans. denied.* There, counsel was clearly entitled to attorney's fees under the Cost Statute.

Humana initially argues that it did not make a subrogation claim and the absence of such a claim supports its contention that the Cost Statute is not applicable. We reject Humana's argument without deciding if its claim constituted one for subrogation. Humana ignores the language in the Cost Statute that includes "reimbursement rights." Humana acknowledges that it made a claim for reimbursement of medical expenses it paid.[1] Its actions, therefore, place it under the ambit of the Cost Statute.

■ Next, Humana contends the Cost Statute applies only to proceedings where an insurance company makes a subrogation claim against a third-party tortfeasor. *See* I.C. § 34–4–41–3. Humana distorts the meaning of I.C. § 34–4–41–3, which refers to a "third party legally responsible for personal injury." The plain and ordinary meaning of this statutory phrase does not limit the third party to a tortfeasor. Instead, the general language protects against the unjust enrichment of an insurance company benefitted by the efforts of its insured's counsel. We find I.C. § 34–4–41–3 that defines the applicability of the Cost Statute is comprehensive and includes GCCFS, who is legally responsible for Cook's personal injury under the worker's compensation laws, and also, Indiana Insurance who contractually agreed to provide worker's compensation coverage. Applying this broad definition to implement the Cost Statute, we find that because Humana sought reimbursement from the proceeds of a settlement resulting from a legal proceeding commenced by Cook against Indiana Insurance, Humana is responsible for its pro rata share of the reasonable and necessary costs and expenses, including attorney's fees, that Cook incurred. To hold otherwise would unjustly enrich Humana by the fruit of Fox's labor. Humana was not

---

1. Humana relies upon *Associated Ins. Companies, Inc. v. Burns* (1990), Ind.App., 562 N.E.2d 430, for the proposition that Fox is not entitled to attorney's fees. In *Burns,* the court decided whether a subrogee insurance company could

intervene in worker's compensation proceedings to obtain reimbursement from a benefit award for medical expenses paid. *Id.* at 431–32. That issue is not raised here.

entitled to summary judgment as a matter of law.

█ Notwithstanding our reversal of summary judgment, Fox is not automatically entitled to one-third of Humana's reimbursement proceeds under the Cost Statute. The Cost Statute provides that Humana's pro rata share of Fox's fees are the lesser of: 1) the amount Cook contracted for her portion of the claim, or 2) thirty-three and one-third percent (33⅓%) of the amount of the settlement. Such determination turns upon questions of fact making it inappropriate for summary judgment.

Judgment reversed and remanded for further proceedings.

SHARPNACK, C.J., and ROBERTSON, J., concur.