**TIMOTHY F. KELLY AND ASSOCIATES, Appellant–Plaintiff Below,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Katie Johnson and Raymond E. Schmitt, Allied American Insurance Company, Appellees–Defendants Below.**

No. 45A03–9311–CV–372.

Court of Appeals of Indiana, Third District.

Sept. 20, 1994.

Harvey Karlovac, Law Offices of Timothy F. Kelly Munster, for appellant.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, for Allied American Ins. Co.

David L. Abel, II, Spangler, Jennings & Dougherty, P.C., Merrillville, for Illinois Farmers Ins. Co., Katie Johnson and Raymond E. Schmitt.

STATON, Judge.

Timothy F. Kelly and Associates (collectively referred to as "Kelly") appeal the grant of summary judgment in favor of the defendants, Illinois Farmers Insurance Company, Katie Johnson, Raymond E. Schmitt,[1] and Allied American Insurance Company. Kelly raises two issues for our review, which we consolidate into one and restate as follows: whether Kelly is entitled to recover attorney's fees from the defendants.

We affirm.

On September 3, 1991, Elsa and Kristen Hoffman were traveling in a vehicle owned by Elsa and Joseph Hoffman when they were struck by a vehicle driven by Robert Murphy. The collision resulted in personal injuries and property damage. At the time of the accident, the Hoffmans were insured by Illinois Farmers Insurance Company ("Farmers") and Murphy was insured by Allied American Insurance Company ("Allied").

On September 26, 1991, the Hoffmans' attorney, Kelly, filed suit against Murphy to recover for property damage and personal injury. Kelly and the Hoffmans entered a contingency fee agreement pursuant to which Kelly was entitled to one-third of any recovery obtained through settlement. In October 1991, Farmers paid to the Hoffmans the sum of $13,518.66, pursuant to the terms of their policy, to reimburse the Hoffmans for their property damage. Farmers thus became subrogated to the rights of the Hoffmans against Murphy to the extent of this property damage payment. Farmers notified Allied of its property damage subrogation claim on October 23, 1991.

On June 4, 1992, Kelly refiled the Hoffmans' lawsuit in the Northern District of Illinois. On August 26, 1992, Allied paid to Farmers the sum of $9,764 in settlement of Farmer's property damage subrogation claim. Upon discovering this settlement, Kelly instituted this action against Farmers and Allied, seeking one-third of the settlement as attorney's fees.

When reviewing the grant or denial of summary judgment, we use the same standard used by the trial court. *Ramon v. Glenroy Construction Co., Inc.* (1993), Ind. App., 609 N.E.2d 1123, 1127, *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C). The movant bears the burden of establishing the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed in a light most favorable to the non-movant. *Ramon, supra.*

Kelly contends first that it is entitled to one-third of the settlement between Farmers and Allied pursuant to Indiana Code 34–4–41–4 (1993) which provides that:

An insurer claiming subrogation or reimbursement rights under this chapter shall pay, out of the amount received from the

insured, the insurer's pro rata share of the reasonable and necessary costs and expenses of asserting the third party claim. These reasonable and necessary costs and expenses include, and are not limited, to the following:

(1) The cost of depositions.

(2) Witness fees.

(3) Attorney's fees to the lesser of the amount contracted by the insured for the insured's portion of the claim or thirty-three and one-third percent (33⅓%) of the amount of the settlement.

According to Indiana Code 34-4-41-3 (1993), the above provision applies to:

[A]n insurer claiming subrogation or reimbursement rights to the proceeds of a settlement or judgment resulting from a legal proceeding commenced by an insured against a third party legally responsible for personal injury for which payment is made by the insurer.

We note initially that Kelly's claim against Allied on the basis of this statute is wholly without merit. The plain language of the statute provides that it applies only to insurers claiming subrogation or reimbursement rights. Here, Farmers was the sole insurer claiming subrogation or reimbursement rights. It would defy logic, and the clear language of the statute, to hold Allied liable for a percentage of the attorney's fees incurred in pursuing an action against Allied and its insured, Murphy. IC 34-4-41-4 does not apply to Allied.

■ Farmers contends that it also does not fall within the purview of IC 34-4-41-4 because Farmers claimed rights of subrogation to property damage payments only, and IC 34-4-41-4 applies only to personal injury damages. We agree.

■ A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.* (1992), Ind.App., 600 N.E.2d 555, 558, *adopted on transfer* (1993), Ind., 608 N.E.2d 699. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215, 218, *trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.*

The chapter of the Indiana Code at issue is entitled "Subrogation of Insurers in *Personal Injury Actions*". (Emphasis added). Too, Indiana Code 34-4-41-5 (1993) states that "This chapter does not prohibit an insurer with a subrogated *property damage claim* from settling its subrogation claim separately by arbitration, agreement, or suit in its own name." (Emphasis added). We cannot ignore the legislature's language and must presume that such language has some meaning. The references throughout this chapter to personal injury actions and claims, along with the exception made in IC 34-4-41-5 with respect to property damage claims, leads us to conclude that insurers claiming subrogation rights only to property damages are not responsible for a pro rata share of attorney's fees under IC 34-4-41-4.

■ Alternatively, Kelly argues it is entitled to recover attorney's fees from Farmers and Allied under theories of implied contract and *quantum meruit.* The phrases contract implied-in-law, quasi contract and *quantum meruit* are used synonymously by our courts. *City of Indianapolis v. Twin Lake Enterprises, Inc.* (1991), Ind.App., 568 N.E.2d 1073, 1078, *trans. denied.* They are all legal fictions, created by courts of law, to provide a remedy which prevents unjust enrichment and thereby promotes justice and equity. *Id.*

■ Generally, a party seeking to recover upon a theory of *quantum meruit* or

implied contract must demonstrate that a benefit was rendered to another at the express or implied request of such other party. *Milwaukee Guardian Insurance, Inc. v. Reichhart* (1985), Ind.App., 479 N.E.2d 1340, 1343, *trans. denied.* Here, Kelly does not allege that Farmers or Allied expressly or impliedly requested its services; rather, it contends that their obligation to pay for Kelly's services arises from the fact that they benefitted from Kelly's actions. Assuming *arguendo* that Farmers and Allied reaped some benefit from the actions of Kelly, this is not enough to support recovery under a theory of *quantum meruit* or implied contract. *See id.* Because the evidence designated by Kelly demonstrates no express or implied request for services, summary judgment in favor of the defendants was proper.

Affirmed.

HOFFMAN and KIRSCH, JJ., concur.