**INDIANA UNION MUTUAL
INSURANCE GROUP,
Appellant–Defendant,**

v.

**Bruce A. SMITH, Appellee–Plaintiff.**

No. 14A05–9405–CV–204.

Court of Appeals of Indiana.

Oct. 23, 1995.

Stephen J. Peters, William N. Ivers, Stewart & Irwin, Indianapolis, for Appellant.

Bruce A. Smith, Washington, for Appellee.

## OPINION

BARTEAU, Judge.

Indiana Union Mutual Insurance Company (Indiana Union)[1] appeals from the entry of summary judgment in favor of Attorney Bruce A. Smith. We restate the dispositive issue as whether an insurer which has negotiated a subrogation settlement with a tortfeasor's insurance carrier must share expenses incurred by an insured who negotiates an enhanced settlement with the same insurance carrier.

### FACTS

The parties filed a Stipulation of Facts with the trial court, which we summarize as follows:

Indiana Union issued an automobile insurance policy to Carolyn Colbert that included uninsured motorist coverage. During the policy period, Colbert was involved in an automobile collision with Jeffrey Pinkstaff. Colbert submitted a claim to Pinkstaff's insurer, State Farm Mutual Automobile Insurance (State Farm). Citing Pinkstaff's failure

---

1. The parties identified Appellant in the proceedings before the trial court and in the briefs filed with this Court as "Indiana Farmers Mutual Insurance Group." However, in their Stipulation of Facts, the parties recognized that Appellant is actually "Indiana Union Mutual Insurance Company." R. 120. We therefore identify Appellant as such.

to pay a policy premium, State Farm denied coverage of Colbert's claim.

Colbert then turned to Indiana Union, her own insurance company, and filed a claim under her uninsured motorist coverage. Colbert and Indiana Union settled her uninsured motorist claim. Indiana Union paid Colbert $20,887.88,[2] and expressly reserved subrogation and reimbursement rights.

Indiana Union sought to collect the $20,887.88 from State Farm, which then retreated from its position of denying coverage and informed Indiana Union that it would extend coverage to Pinkstaff for the collision with Colbert. State Farm agreed to pay Indiana Union's subrogation claim for $20,887.88, and submitted a release that required Colbert's signature. When Indiana Union presented Colbert with the release, Colbert refused to sign the release and retained the services of an attorney, Bruce A. Smith.

Smith then initiated negotiations with State Farm. Without filing suit, Smith negotiated a settlement of Colbert's claim against Pinkstaff for $45,000. Upon receiving the settlement amount, Smith notified Indiana Union that Colbert would honor Indiana Union's reimbursement rights for $20,887.88, and informed Indiana Union that he would deduct the statutory pro rata share of his attorney fees and expenses from that amount. Indiana Union protested, asserting that Smith was not entitled to deduct attorney fees and expenses.

Smith then filed this interpleader action, depositing the disputed funds with the court and asking the court to resolve the dispute and distribute the funds. The trial court determined that Smith was entitled to deduct a pro rata share of expenses and attorney fees from the reimbursement amount, and distributed the funds accordingly.

### DISCUSSION

■ An insurer's responsibility to contribute to the expenses and attorney fees incurred by an insured who negotiates a settlement with a third party tortfeasor is governed by I.C. 34–4–41–4, which states:

> An insurer claiming subrogation or reimbursement rights shall pay, out of the amount received from the insured, the insurer's pro rata share of the reasonable and necessary costs and expenses of asserting the third party claim. These reasonable and necessary costs and expenses include, and are not limited, to the following:
>
> (1) The cost of depositions.
>
> (2) Witness fees.
>
> (3) Attorney's fees to the lesser of the amount contracted by the insured for the insured's portion of the claim or thirty-three and one-third percent (33⅓%) of the amount of the settlement.

This statute applies to:

> an insurer claiming subrogation or reimbursement rights to the proceeds of a settlement or judgment resulting from a legal proceeding commenced by an insured against a third party legally responsible for personal injury for which payment is made by the insurer.

I.C. 34–4–41–3. The parties first dispute whether Colbert's settlement with State Farm reached prior to the filing of suit falls under the purview of I.C. 34–4–41. The parties reach opposite conclusions on the question of whether the settlement resulted from "legal proceedings," as required in I.C. 34–4–41–3.

We resolved this threshold question in *D'Archangel v. Allstate Ins. Co.* (1995), Ind. App., 656 N.E.2d 294, and now restate our holding in that case.

> An insurer claiming reimbursement rights must pay, out of the amount received from an insured, a pro rata share of the reasonable and necessary costs and expenses of asserting a claim against a third party tortfeasor where the claim was settled pri-

---

**2.** The trial court noted some confusion as to the actual amount Indiana Union paid Colbert. The record shows that Indiana Union paid Colbert $20,887.88, but that amount does not reflect the $75.00 salvage value of Colbert's automobile.

Thus, Indiana Union actually paid Colbert $20,812.88 in the settlement of her claim under the uninsured motorist coverage in her automobile insurance policy.

or to the insured filing suit against the tortfeasor.

656 N.E.2d at 297.

 However, Indiana Union's position is distinguishable from that of the insurer in *D'Archangel.* In *D'Archangel,* the insured received payments from his own insurer under the medical payments coverage in the insured's automobile insurance policy. The insured then initiated negotiations with the tortfeasor's automobile liability insurance carrier and reached a settlement from which the insured paid the insurer's reimbursement amount. In finding that the insurer was required to contribute to the costs of negotiating the settlement, we reasoned that it is the intent of our legislature and the purpose of I.C. 34–4–41 to require an insurer that enjoys the benefits of an insured's labors to contribute to the costs incurred by the insured in securing a settlement.

Had the D'Archangels chosen not to proceed against the faulty driver, and opted to limit their recovery to that paid by Allstate, Allstate would have been required to incur its own expenses in exercising its subrogation rights against the tortfeasor. "That being true, Allstate should not be able to ride on the insured's coat tails now, without paying for the ride." Appleman, *Insurance Law & Practice,* § 5141 at 285 (1981). As Judge Baker recently opined in a related case, I.C. 34–4–41 "protects against the unjust enrichment of an insurance company benefitted by the efforts of its insured's counsel." *Cook v. Humana Health Care Plan, Inc.* (1994), Ind.App., 636 N.E.2d 166, 168.

656 N.E.2d at 296–97.

In this case, however, Indiana Union is not benefitting from the labors of Attorney Smith, and to permit it to receive the full reimbursement amount would not unjustly enrich Indiana Union. Indiana Union negotiated with State Farm on its own behalf and reached the agreement under which it was to receive the $20,887.88 amount. It follows that, in conducting these negotiations, Indiana Union incurred its own costs and expenses. These expenses represent Indiana Union's pro rata share of the costs of securing the settlement. To allow Smith to deduct a portion of his costs and fees from the reimbursement amount would, in effect, require Indiana Union to pay twice for the expenses of negotiating the $20,887.88 settlement. Indiana Code 34–4–41–4 only requires Indiana Union to pay its pro rata share of the expenses and costs incurred in reaching the settlement amount. Indiana Union paid its pro rata share when, on its own behalf, it incurred expenses in negotiating the $20,887.88 reimbursement amount with State Farm.

## CONCLUSION

The settlement Smith negotiated on behalf of Colbert merely enhanced upon the $20,887.88 amount agreed to by Indiana Union and State Farm. Indiana Union paid its pro rata share of the costs attendant to the settlement with State Farm as required by I.C. 34–4–41–4 when it incurred its own expenses in negotiating the settlement of its subrogation claim. Smith is not entitled to deduct from Indiana Union's reimbursement amount a portion of his fees and expenses.

REVERSED.

BAKER and NAJAM, JJ., concur.